FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2009 DEC 23  A 11: 42

CLERK U.S. DISTRICT COURT
ALEXANDRIA. VIRGINIA

| | |
|---|---|
| JANE DOE,<br><br>        PLAINTIFF,<br><br>v.<br><br>ERIC HIMPTON HOLDER, JR. IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, U. S. Department of Justice 950 Pennsylvania Ave, NW Washington, D.C. 20530-0001<br><br>        DEFENDANT. | CIV. NO. __ 1:09 cv 1395<br>AJT/IDD<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Now Comes Plaintiff, "Jane Doe", through undersigned counsel, and for her complaint against the Defendants, respectfully avers:

### JURISDICTION AND VENUE

1.  This case presents causes of action based upon Title VII of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e et seq.] ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, [29 U.S.C.A. §§ 621 et seq.] (the "ADEA") for relief based on an unlawful employment practice by the United States Marshals Service ("USMS"). This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f).

2.  Plaintiff has exhausted her administrative remedies and is thus entitled to

pursue the claims asserted herein in this Court.

3.  Venue is proper in this Court as the U.S. Marshals Service is headquartered in the district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(e).

PARTIES

4.  Plaintiff is an Hispanic female and has been an employee of the USMS since January 1995 to the present; she is a currently a resident of Texas. Plaintiff is currently 52 years old. Plaintiff is referred to herein as "Jane Doe" due to the confidential nature of her current and former position with the USMS.

5.  Defendant Eric Holder is the United States Attorney General and is therefore the agency head of the USMS. Defendant Holder is sued in his official capacity.

BACKGROUND

6.  Since February 15, 2009, Plaintiff has held the job title of Senior Inspector (Sex Offender Investigations) GS 1811/13, based in Texas.

7.  Plaintiff's previous position with the USMS, from May 30, 2004 to February 15, 2009. was as a Senior Inspector in a confidential position and location ("the confidential position location") that cannot be disclosed in a public document .

8.  Immediately upon Plaintiff's arrival at the confidential position location she experienced discrimination by her superiors and a hostile working environment.

9.  The discrimination and disparate treatment are based upon either Plaintiff's race, national origin, ethnicity, gender or age.

10. These actions by Plaintiff's superiors include, without limitation:

    a.  refusing to train her or failing to train her adequately;

b.   assigning her an inordinately large work load with the promise that it would not be held against her at appraisal time and then were disproportionately critical of her work at appraisal time, and twenty-one (21) days before she was eligible for a Within Grade Increase ("WIGI"), despite knowing that she had received little to no training and had a tremendous work load;

c.   rating Plaintiff's performance as "unacceptable" and placing her on a PIP, and then increasing her workload even more during the PIP;

d.   denying her WIGI and continuing to deny her WIGI to the present day;

e.   refusing to assign her a government car although cars were assigned to her male co-workers; and

f.   criticizing, admonishing and taking adverse action against her for taking sick leave and filing a Worker's Compensation claim due to an injury she received on the job.

g.   proposing to demote her.

11.   In August 2005, Plaintiff took emergency leave under the Family and Medical Leave Act ("FMLA") to be with her daughter who was going to be hospitalized. During her time on leave, Plaintiff contacted the EEO office by telephone to report her claim of discrimination, disparate treatment and hostile work environment based on race, sex and age, and retaliation.

12.   While on leave, Plaintiff asked her Chief Supervisor for permission to participate in a special assignment with the United Nations General Assembly. The Chief Supervisor denied this request stating that the denial was due to

Plaintiff taking too much time off under FMLA and threatened Plaintiff stating that it would be a big mistake to contact the Assistant Director about this denial.

13.   Plaintiff's supervisors continued to over-scrutinize her work compared to male co-workers and younger co-workers causing her to be ineligible for WIGI and Merit Promotions, including, without limitation:

a.   not being selected for a Criminal Investigator position on July 28, 2006;

b.   not having her July 13, 2005 appraisal changed to "successful" even after providing evidence of more egregious errors made by male co-workers, causing her to submit her "Open Season" USM 280 application for promotion with an unacceptable appraisal;

c.   denying her the ability to take leave;

d.   changing her performance rating and plan in September 2005, without first notifying her, by marking each critical element as unacceptable;

e.   restarting her PIP after her return from FMLA leave;

f.   denial of a temporary transfer to another division on or about September 26, 2006;

g.   preventing her from participating in domestic and foreign training assignments, despite being qualified for such assignments.

h.   not affording her the opportunity to be Acting Supervisor, although other younger and male co-workers were allowed to do so;

i.   denying her the opportunity to become Employee of the Quarter in May 2006;

j.   not awarding her for her twenty (20) years of government service by giving her an award/pin; however other co-workers with 20 years of experience were given the award.

14.   Between July 2005 and October 2006, Plaintiff's supervisor publicly humiliated Plaintiff by telling others in the USMS and outside the Agency that she was going to demote Plaintiff and transfer her to another section.

15.   In March 2006, Plaintiff reported a superior for making a sexually offensive, humiliating and discriminatory comment.   Plaintiff was harassed and retaliating against by her superiors and co-workers for reporting the offensive comment.

16.   In October and November of 2006, newspaper comics about office snitching and otherwise meant to criticize Plaintiff were publicly posted in Plaintiff's office building to humiliate and harass Plaintiff. A copy of these comics are attached hereto as Exhibits 1, 2 and 3.

17.   In November 2006, Plaintiff was given another unacceptable performance appraisal based on exaggerated allegations and the invalidated PIP.

18.   Plaintiff filed a formal EEO Complaint on November 23, 2006, and thereafter was subjected to increased harassment, discrimination and retaliation, including, without limitation:

a.   In February 2007, Plaintiff was denied the opportunity to participate in a training/special assignments in a Spanish speaking country although she was qualified because she is fluent in Spanish, has a Masters Degree and had over 20 years of government service at the time; however, other

inspectors who do not speak Spanish were allowed to participate.

b.     Plaintiff was on the domestic and international training committee, but she was continually denied the opportunity to participate in any training classes.

c.     Plaintiff's supervisors continued to disparately scrutinize her work by compiling frivolous exaggerated errors; made false allegations against her with regard to that work; and gave her unfair, negative appraisals that disqualified her from merit promotions.

d.     Plaintiff's position was not upgraded on April 13, 2008, although her co-workers in the same position were. Consequently, and as a result of the unlawful withholding of Plaintiff's WIGIs, Plaintiff is paid less than her co-workers who were promoted several years after her.

e.     On May 18, 2008, Plaintiff was compelled to sign a non-disclosure agreement while attending a training in an effort to stifle her efforts at reporting the discriminatory and harassing treatment and in retaliation for her filing an EEO complaint.

19.   Thereafter, Plaintiff applied for one of three vacant Internal Affairs GS13 positions. This would have been a lateral transfer for Plaintiff, not a promotion and Plaintiff was well qualified for the position. There were three vacancies and four applicants: (1) Plaintiff, an Hispanic female; (2) an African American female; (3) an Anglo female; and (4) one Anglo male. On September 30, 2008, the USMS announced that the Anglo male was selected for one position and they closed the other two vacancies without filling them. On or about October 9,

2008, the USMS re-announced the two vacancies seeking other applicants.

20.  On December 15, 2008, Plaintiff filed another EEO Complaint due to continued discrimination, retaliation and hostile work environment.

21.  Plaintiff has exhausted her administrative remedies.

## CAUSES OF ACTION

### I. DISCRIMINATION BASED ON RACE, ETHNICITY AND NATIONAL ORIGIN

22.  Plaintiff incorporates and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.  The USMS intentionally discriminated against Plaintiff based on her race, ethnicity and national origin (Hispanic) in violation of Title VII of the Civil Rights Act of 1964.

24.  As a result of theses violations Plaintiff has suffered and continues to suffer damages in the form of lost wages, lost promotions, future lost wages and future lost promotions, lost benefits and future lost benefits, damage to her career and her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering.

### II. GENDER DISCRIMINATION

25.  Plaintiff incorporates and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.  The USMS intentionally discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964.

27.  As a result of theses violations Plaintiff has suffered and continues to suffer damages in the form of lost wages, lost promotions, future lost wages and future

lost promotions, lost benefits and future lost benefits, damage to her career and her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering.

### III. AGE DISCRIMINATION

28.   Plaintiff incorporates and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.   The USMS intentionally discriminated against Plaintiff based on her age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621 et seq. (the "ADEA") and Title VII of the Civil Rights Act of 1964.

30.   As a result of theses violations Plaintiff has suffered and continues to suffer damages in the form of lost wages, lost promotions, future lost wages and future lost promotions, lost benefits and future lost benefits, damage to her career and her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering.

### IV. HOSTILE WORK ENVIRONMENT

31.   Plaintiff incorporates and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.   The intentional actions by the USMS against Plaintiff created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

33.   As a result of theses violations Plaintiff has suffered and continues to suffer damages in the form of lost wages, lost promotions, future lost wages and future lost promotions, lost benefits and future lost benefits, damage to her career and

her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering.

## V. RETALIATION

34. Plaintiff incorporates and realleges paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The USMS intentionally retaliated against Plaintiff by engaging in acts designed to punish Plaintiff for seeking redress for the violation of her civil rights, in violation of Title VII of the Civil Rights Act of 1964.

36. As a result of theses violations Plaintiff has suffered and continues to suffer damages in the form of lost wages, lost promotions, future lost wages and future lost promotions, lost benefits and future lost benefits, damage to her career and her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering.

WHEREFORE, Plaintiff prays for an order as follows:

1. Permanently enjoining Defendants from retaliating or harassing Plaintiff;

2. Granting Plaintiff all previously denied Within Grade Increases and promotions to which she is lawfully entitled;

3. Ordering Defendants to change all of Plaintiff's "Unacceptable" performance appraisals to be in line with her co-workers or changed to "Acceptable."

4. Ordering Defendants to retroactively promote her to GS14 status;

5. Ordering Defendants to expunge all negative information about Plaintiff from all records and from Plaintiff's personnel file;

6. Awarding Plaintiff just compensation for the injuries she has sustained as the

result of the Defendants' unlawful actions, including, without limitation, damages in the form of back pay, front pay, lost promotions, future lost wages and future lost promotions, lost benefits and future lost benefits, damage to her career and her personal and professional reputation, embarrassment, humiliation, and mental and emotional pain and suffering; and

7.   For the costs, including attorney's fees, of the trial of this claim and any appeal, and any other relief to which the Plaintiff is justly entitled.

### JURY DEMAND

Plaintiff demands a jury trial on all causes of action and elements of such causes of action that are triable to a jury.

Respectfully submitted,

Dated: 12/23/2009

D.Z. Kaufman, J.D. Ph.D.
Kaufman Law, A Professional Corporation
11350 Random Hills Road, Suite 800
Fairfax, VA 22030
(703)764-9080 (t); (703)764-0014 (f)
www.BusinessBrawls.com
Admitted in VA, DC and MD

*Of Counsel:*

/s/ Andrew C. Simpson
Andrew C. Simpson (VI Bar # 451)
5025 Anchor Way, Ste 1
Christiansted, VI 00820-4671
(T) 340-719-3900 / (F) 340-719-3903
asimpson@coralbrief.com
**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

I verify, subject to the penalties of perjury, that to the best of my knowledge and belief, the factual averments of this complaint are true and correct.

Jane Doe