IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE,<br><br>    PLAINTIFF,<br><br>v.<br><br>ERIC HIMPTON HOLDER, JR. IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,<br><br>    DEFENDANT. | CIV. NO. 1:09-CV-1395-AJT-IDD<br><br>JURY TRIAL DEMANDED |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26, the parties submit this Joint Discovery Plan:

1. RULE 26(f) CONFERENCE: The parties have conferred in accordance with Rule 26(f) with Andrew C. Simpson for plaintiff, and R. Joseph Sher for defendant participating.

2. INITIAL DISCLOSURES: The parties agree that the Reports of Investigation of the plaintiff's EEO complaints identify numerous witnesses and documents and, to the extent such witnesses or documents are identified in those Reports, they need not be duplicated in a Rule 26(a) disclosure. Any other witnesses or documents that a party will rely upon to support a claim or defense should be identified as provided in Rule 26(a) on or before October 15, 2010.

3. JOINDER OF PARTIES: The parties do not anticipate the joinder of additional parties.

4.     AMENDMENT OF PLEADINGS: The parties do not presently anticipate any further amendment of the pleadings, but shall seek leave to amend promptly upon the discovery of grounds therefor.

5.     PROTECTIVE ORDER: The parties will submit a stipulated protective order by October 15, 2010. Should they fail to agree on the form of order, the matter shall be brought before the Court by motion filed no later than October 20, 2010.

6.     EXPERT DISCOVERY: A party wishing to offer expert testimony at trial on an issue shall produce its Fed. R. Civ. P. 26(a)(2)(B) report on or before on or before December 15, 2010. A party wishing to offer an expert to rebut the testimony of another expert shall produce its Fed. R. Civ. P. 26(a)(2)(B) report by January 15, 2011. Depositions of all experts shall be completed by February 11, 2011.

7.     DISCOVERY LIMITATIONS: The parties will abide by the limitations stated in the federal rules and local rules and this Court's order of September 7, 2010. **The parties agree that there are more than five non-party, non-expert, witnesses per side that need to be deposed, both for the purpose of discovering relevant information and to preserve the testimony of remote witnesses for trial. They therefore seek leave of court to take ten such depositions per party.**

      Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the remaining parties to its receipt of such documents within five business days of receipt and shall make the received documents available for inspection and copying.

8. PRESERVATION OF ELECTRONIC FILES AND DATA: The parties are not at present aware of significant electronic data or electronic files involved for discovery. Nonetheless, the parties and their counsel shall endeavor to identify and preserve any electronic media that contain data, files, and communications relevant to the claims and defenses in this case.

Any testifying experts retained by the parties shall retain, and preserve all electronic media in their possession, custody or control that contain data, files and communications relevant to the claims and defenses in this case, including drafts, material reviewed, and correspondence with counsel, from all reasonably identifiable sources (including but not limited to, mainframe computers, servers, laptops and work stations, personal digital assistants, and back-up tapes).

9. PRODUCTION OF ELECTRONIC FILES AND DATA AND OTHER DISCOVERABLE MATERIALS:

A. With respect to discovery of electronic documents, the Attorney General considers technical matters regarding the functioning and capabilities of the Marshals Service's systems as privileged, and, in some circumstances at least, such information may be classified. Accordingly, while we will disclose some aspects of what can be done that may be relevant to the issues in this case, the Attorney General will not disclose the technical details the Marshals Service considers sensitive. Plaintiff does not agree that relevant information may be withheld and believes that to the extent the issue contemplated arises, it should

be dealt with through an appropriate protective order.

  B. The defendant will produce discoverable electronically stored information in printed form on paper or in PDF format from its original electronic format in the first instance. To the extent that the printed or PDF document does not indicate information which may be important, such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients of electronically transmitted data, and the locations of the terminals on which it is stored, upon request related to particular documents the defendant will determine that information from the electronic document and include it, perhaps on a cover sheet, which in an intelligible form reasonably reflects the electronic information on the system.

  Plaintiff does not believe that she has discoverable electronically stored information; however, to the extent she does, she is willing to produce same in the same manner as described by the Defendant, above.

10. ASSERTION OF PRIVILEGES AND PROTECTIONS OF TRIAL PREPARATION MATERIALS: Assertion of Privilege or Protections of Trial Preparation Materials: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Rule 26(b)(5) accompanying any initial disclosure or production of documents as to which any form of privilege is claimed. The inadvertent production of documents or information which the producing party contends is privileged or protected, shall not be deemed a waiver of any privilege or protection, provided that the producing party shall promptly make a specific

request for the return of the inadvertently-produced privileged or protected material. In the event of a dispute, the party making the inadvertent production shall bear the burden of seeking relief from the Court and of proving that the materials or information at issue should be treated as privileged or protected material, and that there otherwise has been no waiver.

11. SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS AND DISCOVERY REQUESTS AND RESPONSES: All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and any other papers that are not filed. The serving party shall attach the pleading or paper in "Portable Document Format" (".pdf") or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served either (1) by overnight delivery via a service with the ability to "track" deliveries and verify receipt or (2) via an Internet link to a website where the attachment can be downloaded. Service by e-mail prior to 5:00 p.m., Eastern Time shall be the equivalent of service by hand that day for the purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the day of receipt.

12. SETTLEMENT: The parties believe that settlement should be discussed once dispositive motions are briefed. The parties believe that mediation will be helpful at that time.

13. TRIAL BY MAGISTRATE JUDGE:  The parties do not consent to trial before a Magistrate Judge.

Respectfully submitted,

/s/ Andrew C. Simpson

Andrew C. Simpson (VI Bar # 451)
(admitted PHV)
2191 Church St., Way, Ste 5
hristiansted, VI 00820
(T) 340-719-3900 / (F) 340-719-3903
asimpson@coralbrief.com
**ATTORNEY FOR PLAINTIFF**

/s/
R. Joseph Sher,
Assistant United States Attorney,
Office of the United States Attorney
Justin W. Williams United States Attorneys Building
2100 Jamieson Ave., Alexandria, VA. 22314
Telephone: (703) 299-3747
Fax: (703) 299-3983
E-mail: joe.sher@usdoj.gov
**ATTORNEY FOR DEFENDANT**

   /s/ D.Z. Kaufman
D.Z. Kaufman, J.D. Ph.D., VSB 33135
Kaufman Law, A Professional Corporation
11350 Random Hills Road, Suite 800
Fairfax, VA 22030
(703)764-9080 (t); (703)764-0014 (f)
www.BusinessBrawls.com
Admitted in VA, DC and MD
**ATTORNEY FOR PLAINTIFF**