IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09-cv-1395 (AJT/IDD) |
| | ) |
| ERIC HIMPTON HOLDER, JR. IN HIS | ) |
| OFFICIAL CAPACITY AS ATTORNEY | ) |
| GENERAL OF THE UNITED STATES | ) |
| Defendant. | ) |
| | ) |

## ORDER

The defendant has filed a Motion for Summary Judgment (Doc. No. 69) on the grounds that based on the undisputed material facts Jane Doe[1] ("Plaintiff") cannot state a prima facie case as a matter of law or, in the alternative, Plaintiff cannot show that the defendant's legitimate, non-discriminatory reasons for its treatment of Plaintiff were pretext for discrimination. A hearing was held on this motion on Friday, April 29, 2011, following which the Court took the motion under advisement. After careful review of the record, the Court will grant the Motion in part and deny the Motion in part.

Plaintiff has been employed by the United States Marshals Service ("USMS" or the "defendant") since 1995, currently serving as a Senior Inspector in Texas. She alleges that while employed as a case manager for the Witness Security Division of the USMS during the period 2004-2006 she was the victim of unlawful discrimination on the basis of race, ethnicity, and national origin (Count I), gender (Count II), age (Count III), subjected to a hostile work environment (Count IV) and retaliated against for protected activities (Count V) in violation of

---

[1] On March 17, 2010 Plaintiff filed a motion to use a pseudonym which the Court granted on March 18, 2010.

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C.A. §§ 621 *et seq.*

Because there is no direct evidence of discrimination against the Plaintiff, the Court has carefully considered whether based on the present record, the Plaintiff's claims should proceed to trial based on the burden shifting frameworks set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *Moore v. City of Charlotte, N.C.*, 754 F.2d 1100, 1105 (4th Cir. 1985), and related cases. The Court has also considered whether Plaintiff has stated a claim for hostile work environment pursuant to *Pueschel v. Peters*, 577 F.3d 558 (4th Cir. 2009). Based on the record, the Court finds that there are no genuine issues of material facts and that defendant is entitled to judgment as a matter of law as to (1) Plaintiff's age discrimination claim (Count III), (2) Plaintiff's hostile work environment claim (Count IV), (3) Plaintiff's retaliation claims (Count V) and (4) those claims of discrimination in Counts I and II based on the following allegations: (a) defendant's failure to promote Plaintiff to the position referenced as MPA # 08-193, (b) defendant's investigation into Plaintiff's use of a government owned vehicle; (c) defendant's delay in assigning Plaintiff a government owned vehicle; (d) defendant's failure to refer or assign Plaintiff for special assignments to the United Nations General Assembly in 2005 and 2006; (e) defendant's failure to specially assign Plaintiff to a Spanish-speaking country in 2007; (f) Plaintiff's excessive work assignments; (g) Plaintiff's failure to receive certain awards, and (h) defendant's failure to train Plaintiff.

The Court finds that genuine issues of material fact exist and defendant is not entitled to judgment as a matter of law as to Plaintiff's claims in Counts I and II based on her placement in the Performance Improvement Plan ("PIP") and the alleged consequences of that placement.

Whereupon, for the above reasons, it is hereby

ORDERED that defendant's Motion for Summary Judgment is GRANTED as to Counts III, IV and V and such claims be, and the same hereby are, DISMISSED; GRANTED in part as to Count I and II, as set forth herein, and such claims, as set forth herein are DISMISSED; and DENIED as to those claims in Counts I and II identified above as to which there are issues of material fact.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 12, 2011